UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
TYSHAWN SMITH, TAMEL HAMILTON and
RAHEEM ADDISON

                    Plaintiffs,

     -against-

THE CITY OF NEW YORK, DETECTIVE
SHANTE TERRELL, shield # 4424, DETECTIVE
LOCIOUS JOHNSON, shield # 4049,
SERGEANT ROBERT CABAN, shield # 1237,
SERGEANT MICHAEL DANECKER, shield # 1425,
POLICE OFFICERS JOHN/JANE DOE(S) #'S 1-4,

                    Defendants,
_____X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 20 2012 ★
BROOKLYN OFFICE

Case No.

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

KUNTZ, J.

SUMMONS ISSUED

CV 12 - 283

POHORELSKY, M.J.

Plaintiffs TYSHAWN SMITH, TAMEL HAMILTON and RAHEEM ADDISON (collectively hereinafter "Plaintiffs"), by their attorney DAVID A. ZELMAN, Esq., for their COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiffs seek damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth and Fourteenth Amendments of the United States Constitution. On or about March 11, 2010, at approximately 6:00 a.m., New York City Police Officers, including DETECTIVE SHANTE TERRELL, shield # 4424, DETECTIVE LOCIOUS JOHNSON, shield # 4049, SERGEANT ROBERT CABAN, shield # 1237, SERGEANT MICHAEL DANECKER, shield # 1425, and POLICE OFFICERS JOHN/JANE DOE(S) entered Plaintiffs' residence and effectuated an illegal and excessive search damaging Plaintiffs' property,

1

and causing psychological injuries to Plaintiffs. Thereafter, Plaintiffs were falsely arrested. As a result of the incident, Plaintiffs suffered property damage, economic loss, mental anguish, shame, humiliation, indignity, damage to reputation, among others damages.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3. Plaintiff TYSHAWN SMITH (hereinafter "SMITH") currently resides in Bronx County, New York.

4. Plaintiff TAMEL HAMILTON (hereinafter "HAMILTON") currently resides in Kings County, New York.

5. Plaintiff RAHEEM ADDISON (hereinafter "ADDISON") currently resides in Kings County, New York.

6. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

7. Defendant DETECTIVE SHANTE TERRELL (hereinafter "TERRELL"), was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant and /or employee of defendant CITY and within the scope of that employment. At all

relevant times hereto, TERRELL was acting under the color of state and local law. TERRELL is sued in her individual and official capacity.

8. Defendant DETECTIVE LOCIOUS JOHNSON (hereinafter "JOHNSON") was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, JOHNSON was acting under the color of state and local law. JOHNSON is sued in his official and individual capacities.

9. Defendant SERGEANT ROBERT CABAN (hereinafter "CABAN") was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, CABAN was acting under the color of state and local law. CABAN is sued in his official and individual capacities.

10. Defendant SERGEANT MICHAEL DANECKER (hereinafter "DANECKER") was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, DANECKER was acting under the color of state and local law. DANECKER is sued in his official and individual capacities.

11. Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-4 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. At all relevant times hereto, DOE(s) were acting under the color of state and local law. DOE(S) are sued in their individual and official capacities.

## IV. FACTS

12. On or about March 11, 2010 in the early morning, Plaintiffs were present at SMITH and HAMILTON's apartment, # A4 located at 1226 Lincoln Place, Brooklyn, New York.

13. Plaintiffs were sleeping when they were awakened at approximately 5:00 a.m. when apartment A1 across the hall was forcibly entered and searched by numerous police officers.

14. Several hours later, SMITH entered the hallway in order to take out a bag of garbage.

15. He was stopped by and questioned by a police officer in the hall.

16. TERRELL, without any reasonable suspicion, frisked SMITH in the hallway.

17. The police officers then, without permission, opened the door to Plaintiffs' apartment, entered and began searching the apartment.

18. Defendants excessively searched Plaintiffs' residence, going through Plaintiffs' personal effects and causing damage to Plaintiffs' property.

19. Defendants handcuffed Plaintiffs and transported them to the 71st precinct.

20. SMITH and HAMILTON were detained at the precinct for approximately 15 hours during which time Plaintiffs were not given any food or water.

21. SMITH and HAMILTON were issued desk appearance tickets, charging them with possession of marijuana.

22. ADDISON was detained at the precinct for approximately six hours, then transported to Central Booking, where he was held overnight.

23. ADDISON was arraigned in the morning of March 12, 2010, at which time his case was disposed.

24. At SMITH's first court appearance, his case was disposed.

25. HAMILTON appeared in court approximately three times. The charges against HAMILTON were dismissed on or about April 16, 2010.

26. SMITH filed a CCRB complaint on or about March 11, 2010, which was ultimately substantiated as to the charges of Abuse of Authority for the stop and search of SMITH and the entry and search of Plaintiffs' residence.

### V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL STOP AND FRISK)

27. Paragraphs 1 through 26 of this complaint are hereby realleged and incorporated by reference herein.

28. That Defendants stopping, questioning and frisking Plaintiffs constituted a seizure.

29. That Defendants had neither valid evidence nor legal cause or excuse to detain and question Plaintiffs.

30. That Plaintiffs' responses to Defendants' questions did not provide legal cause or excuse to frisk Plaintiffs.

31. That in detaining and frisking Plaintiffs without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. Plaintiffs was but some of those persons.

32. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

33. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

34. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

35. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

36. By reason of the foregoing, Plaintiffs suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

VI. SECOND CAUSE OF ACTION
Pursuant to 42 U.S.C. § 1983 (Illegal Search)

37. Paragraphs 1 through 36 are hereby realleged and incorporated by reference herein.

38. That Defendants lacked a warrant or probable cause to enter and search Plaintiffs' residence.

39. That Defendants entered and searched Plaintiffs' residence in an unreasonable manner.

40. That Defendants excessively searched Plaintiffs' residence.

41. That based on the foregoing, the search of Plaintiffs' residence was unlawful and a violation of Plaintiffs' rights pursuant to the Fourth and Fourteenth Amendments to the

United States Constitution.

42. That the search of Plaintiffs' residence was excessive, damaging their personal property and converting same.

43. That upon information and belief, defendant CITY had a policy and/or custom of unlawfully searching residences without a warrant.

44. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

45. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

47. That in so acting, defendant CITY abused its power and authority as policymaker under the color of State and/or local law.

48. By reason of the unlawful search of Plaintiffs' residence, Defendants acting in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their privacy and property, in violation of rights secured to him under the Fourth and Fourteenth Amendments of the United States Constitution.

49. That by reason of the foregoing, Plaintiffs suffered psychological injuries, traumatic

stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

50. Paragraphs 1 through 49 of this complaint are hereby realleged and incorporated by reference herein.

51. That Defendants had neither valid evidence for Plaintiffs' arrest nor legal cause or excuse to seize and detain them.

52. That in detaining Plaintiffs without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiffs were but two of those persons.

53. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

54. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

55. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

56. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

57. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

58. Paragraphs 1 through 57 are hereby realleged and incorporated by reference herein.

59. That Defendants with malicious intent, arrested Plaintiffs and initiated a criminal proceeding despite the knowledge that Plaintiffs had committed no crime.

60. That all charges against Plaintiffs were terminated in their favor.

61. That there was no probable cause for the arrest and criminal proceeding.

62. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they maliciously prosecuted them and subjected them to an unlawful, illegal and excessive detention, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

63. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiffs were maliciously prosecuted despite the fact that they had committed no violation of the law.

64. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

65. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

66. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

67. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

68. That upon information and belief, in 2010, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

69. That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages

including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (ABUSE OF PROCESS)

70. Paragraphs 1 through 69 are hereby realleged and incorporated by reference herein.

71. Defendants issued Plaintiffs desk appearance tickets, constituting regularly issued legal process to compel performance or forbearance of some act.

72. Defendants intended to do harm without excuse or justification.

73. Defendants issued process against Plaintiffs in order to obtain a collateral objective that is outside its legitimate ends.

74. There was no probable cause for the criminal proceeding.

75. By reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty by abusing criminal process, in violation of their rights pursuant to the Fourteenth Amendment of the United States Constitution.

76. As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury; and

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

and

3. Awarding Plaintiffs interest from the date of the incident; and

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
January 13, 2012

_____
David A. Zelman, Esq.(dz 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

**CIVILIAN COMPLAINT REVIEW BOARD**
40 RECTOR STREET, 2ND FLOOR
NEW YORK, NEW YORK 10006 ♦ TELEPHONE (212) 442-8833
www.nyc.gov/ccrb

MICHAEL R. BLOOMBERG
MAYOR

JOAN M. THOMPSON
EXECUTIVE DIRECTOR

July 18, 2011

Mr. Tyshawn Smith
1226 Lincoln Place Apt. A4
Brooklyn, NY 11213

Re: CCRB case number 201003780

Dear Mr. Smith:

Following a thorough and impartial investigation by the Civilian Complaint Review Board's investigative staff, the Board reviewed the evidence regarding the above-referenced complaint. I am now writing to inform you of the Board's findings on the allegation(s) raised by this complaint.

| Allegation(s) by letter: | | Board finding(s): |
|---|---|---|
| A) | Abuse of Authority:<br>Det. Shante Terrell stopped Tyshawn Smith. | Substantiated (Charges) |
| B) | Abuse of Authority:<br>Det. Shante Terrell searched Tyshawn Smith. | Substantiated (Charges) |
| C) | Abuse of Authority:<br>Det. Shante Terrell entered and<br>searched 1226 Lincoln Place, Apt A4, in Brooklyn. | Substantiated (Charges) |

For an explanation of Board findings, please refer to the enclosed form, which details what each finding means.

In this case, the Board substantiated one or more allegations raised by the complaint. Under New York City law, the Civilian Complaint Review Board has the authority to investigate certain types of complaints against police officers, make findings of fact, and forward its recommendations to the Police Commissioner. Only the Police Commissioner has the authority to actually impose discipline against a police officer. Consequently, the CCRB is forwarding this case to the Police Commissioner and the Department Advocate's Office of the New York City Police Department, which is responsible for prosecuting administrative charges against police officers. Please be aware that in certain cases police officers are entitled by law to an administrative hearing before the Department can impose disciplinary penalties; in such a case you may be asked by the Department Advocate's Office to testify at an administrative proceeding.

If you have any questions about the current status of your case at the Police Department, please contact Hiram Lopez at (646)-610-5483. Mr. Lopez is the chief of the unit at the Department Advocate's Office assigned to prosecute cases substantiated by the Civilian Complaint Review Board.

The integrity and quality of the Police Department's service to the public depends, in large part, upon receiving information regarding the performance of police officers as they carry out their duties. The Civilian Complaint Review Board appreciates your willingness to participate in this extremely important process.

Sincerely,

Joan M. Thompson
Executive Director

Enclosure